# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTINE BORDEAUX,<br><br>        Plaintiff,<br><br>  vs.<br><br>CHERYL BICKNASE, in her official and individual capacities; DAVID BULS, in his official and individual capacities; JEANIE GOLLIDAY, in her official and individual capacities; ANGELA FOLTS, in her official and individual capacities; DENISE DAVIDSON, in her official and individual capacities; and DOES 1 - 10, in their official and individual capacities;<br><br>        Defendants. | 4:18CV3122<br><br><br>**THIRD AMENDED FINAL PROGRESSION ORDER** |

    This matter comes before the court on the parties' Unopposed Motion to Amend Case Progression Order (Filing No. 48). The motion is granted. Accordingly,

    **IT IS ORDERED** that the provisions of the Court's previous progression orders remain in effect, and in addition to those provisions, the following deadlines shall apply:

1) The jury trial of this case will be set following a ruling on the Motion for Summary Judgment based upon Qualified Immunity. The parties shall contact Magistrate Judge Bazis' chambers within 14 days following such ruling to schedule a status conference.\

**2)** The deadline for completing written discovery under Rules 33, 34, and 36 of the Federal Rules of Civil Procedure is **July 27, 2020**. Motions to compel discovery under Rules 33, 34, and 36 must be filed by **August 10, 2020.**

    **Note:** A motion to compel, to quash, or for a disputed protective order shall not be filed without first contacting the chambers of the undersigned magistrate judge to set a conference for discussing the parties' dispute.

3) The deadlines for identifying expert witnesses expected to testify at the trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

        For the plaintiff(s):        **June 15, 2020**
        For the defendant(s):      **July 15, 2020**

4) The deadlines for complete expert disclosures[1] for all experts expected to testify at trial, (both retained experts, (Fed. R. Civ. P. 26(a)(2)(B)), and non-retained experts, (Fed. R. Civ. P. 26(a)(2)(C)), are:

|  |  |
|---|---|
| For the plaintiff(s): | **June 15, 2020** |
| For the defendant(s): | **July 15, 2020** |

5) The deposition deadline is **July 31, 2020**.

  a. The maximum number of depositions that may be taken by the plaintiffs as a group and the defendants as a group is 15.

  b. Depositions will be limited by Rule 30(d)(1).

6) The deadline for filing motions to dismiss and motions for summary judgment is **August 31, 2020**.

7) The deadline for filing motions for summary judgment based on qualified immunity is **August 31, 2020**.

8) The deadline for filing motions to exclude testimony on *Daubert* and related grounds is **July 31, 2020**.

9) Motions in limine shall be filed seven days before the pretrial conference. It is not the normal practice to hold hearings on motions in limine or to rule on them prior to the first day of trial. Counsel should plan accordingly.

10) The parties shall comply with all other stipulations and agreements recited in their Rule 26(f) planning report that are not inconsistent with this order.

11) All requests for changes of deadlines or settings established herein shall be directed to the undersigned magistrate judge, including all requests for changes of trial dates. Such requests will not be considered absent a showing of due diligence in the timely progression of this case and the recent development of circumstances, unanticipated prior to the filing of the motion, which require that additional time be allowed.

Dated this 8th day of June, 2020.

BY THE COURT:

s/ Susan M. Bazis
United States Magistrate Judge

---

[1] While treating medical and mental health care providers are generally not considered "specially retained experts," not all their opinions relate to the care and treatment of a patient. Their opinion testimony is limited to what is stated within their treatment documentation. As to each such expert, any opinions which are not stated within that expert's treatment records and reports must be separately and timely disclosed.