IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| CHRISTINE BORDEAUX,<br><br>                        Plaintiff,<br><br>      v.<br><br>CHERYL BICKNASE, in her individual capacity; JEANIE GOLLIDAY, in her individual capacity; DENISE DAVIDSON, in her individual capacity; STEVE HUNZEKER, in his official and individual capacities; ANGELA FOLTS-OBERLE, in her individual capacity; and DOES 1-9, in their official and individual capacities,<br><br>                    Defendants. | **4:18CV3122**<br><br><br>**ORDER** |

This matter is before the Court on defendant Steve Hunzeker's ("Hunzeker") Motion to Dismiss (Filing No. 106) plaintiff Christine Bordeaux's ("Bordeaux") First Amended Complaint (Filing No. 65) "for failure to state a claim upon which relief can be granted and for lack of subject-matter jurisdiction." *See* Fed. R. Civ. P. 12(b)(1), (6). Hunzeker also moves to strike (Filing No. 120) Bordeaux's Evidence Index (Filing No. 117) and Exhibits 1 through 12 (Filing Nos. 117-1 through 117-12) "to the extent the Court finds [they] fall 'outside the pleadings' and would therefore risk converting Hunzeker's motion to dismiss into a summary judgment proceeding." *See* Fed. R. Civ. P. 12(d). Bordeaux opposes (Filing Nos. 116 and 123) both motions. For the reasons stated below, Hunzeker's motion to strike is denied as moot and his motion to dismiss is granted.

I.    **BACKGROUND**[1]

Bordeaux is an inmate in the custody of the Nebraska Department of Correctional Services ("NDCS"). In 2016, Bordeaux was incarcerated at the Nebraska Correctional

---

[1]The background is primarily drawn from Bordeaux's First Amended Complaint.

Center for Women ("NCCW") near York, Nebraska. After thirty days in the Diagnostic & Evaluation unit, Bordeaux was placed in general population without restrictions in the North Hall housing unit.

Until May 1, 2016, Hunzeker was employed by NDCS as a Unit Administrator at NCCW. In that role, Hunzeker received directives from Denise Davidson ("Davidson"), the Warden at NCCW, "and intelligence from the security administrator regarding potential threats to the safety of inmates, including inmates who have been cooperating witnesses against other inmates in NCCW." Hunzeker was responsible for communicating that information to NCCW's unit staff.

A few days before September 24, 2016, inmate Erica Jenkins ("Jenkins") requested to be moved into Bordeaux's cell. Bordeaux and Jenkins were cousins and participated together in a robbery that led to murder. Bordeaux testified against Jenkins at trial, and the prosecutor alerted Davidson he was concerned about Jenkins retaliating in prison. On April 12, 2016, Bordeaux likewise expressed her fear of Jenkins to an NCCW mental-health specialist, who in turn relayed her concerns to the NCCW security administrator.

Although (1) the security administrator recommended Bordeaux be placed on Central Monitoring[2] to keep her separate from Jenkins and (2) Davidson "claims that she gave clear directives to" Hunzeker to make that placement, it never happened. Davidson and Hunzeker each "personally signed off on a classification study completed by" defendant Jeanie Golliday ("Golliday"), a classification officer, that rated Bordeaux's risk of being a victim as "low" and stated Bordeaux didn't need Central Monitoring.

NCCW staff approved Jenkins's requested move. On September 24, 2016, Jenkins—assisted by another inmate—assaulted Bordeaux with her fists and a padlock. Bordeaux was seriously injured. After the assault, Bordeaux was placed in protective

---

[2]Bordeaux describes Central Monitoring as "an NDCS protocol for collecting, maintaining and sharing information regarding conflicts between inmates."

custody, which reduced her access to programming and privileges.  Eventually, Bordeaux was transferred to a facility in a different state.

On August 31, 2018, Bordeaux sued Davidson, Golliday, Cheryl Bicknase ("Bicknase"), Officer Bowles,[3] and Angela Folts ("Folts") under 42 U.S.C. § 1983 for allegedly violating her constitutional rights.  Hunzeker was not one of the named defendants.  She also listed ten unnamed "Does" as defendants who should be held liable for their actions.  She broadly described the Does as current or former NDCS "correctional administrators, supervisors, and/or officers" acting "under color of state law."   In describing the assault, Bordeaux alleged

> Although BORDEAUX yelled for help, the DOES assigned to C-Wing in North Hall did not respond until after Jenkins had completed the assault, although DOES on information and belief should have performed a regular check during that time. When DOES later did come to the cell, they did not question Jenkins when Jenkins told them that BORDEAUX had just tripped over a tote, even though BORDEAUX was obviously injured.

Bordeaux's only other reference to the Does was an allegation that Davidson "knew that [the defendants] each had a duty to exercise reasonable care in the selection, training, assignment, supervision and retention of its professional staff, including" the Does.

On December 11, 2020, Bordeaux filed a Motion for Leave to Identify Doe and Amend Complaint (Filing No. 61), in which she asked for "leave to identify DOE as former Unit Administrator Steve Hunzeker and to amend the Complaint to include allegations specific to Hunzeker" as described in her motion.  Bordeaux also attached a copy of the proposed amended pleading to her motion with the changes highlighted.

---

[3]On Bordeaux's motion, the magistrate judge directed (Filing No. 16) the Clerk of Court to correct the name of "Officer Bowles" to David Buls ("Buls").  Bordeaux later dismissed Buls with prejudice (Filing No. 51).

In a separate Unopposed Motion to Amend Progression Order (Filing No. 62), the Nebraska Attorney General ("Attorney General"), acting as counsel for Davidson, Bicknase, Golliday, and Folts, stated that Bordeaux had deposed Davidson and Golliday and that additional depositions would be necessary.  Defense counsel noted Bordeaux's motion for leave and stated it was unopposed.  The magistrate judge granted both motions that same day.

On December 16, 2020, Bordeaux filed her First Amended Complaint, naming Hunzeker as a defendant along with Davidson, Bicknase, Golliday, and Folts—now identified as Angela Folts-Oberle ("Folts-Oberle").  Bordeaux also reduced the number of Doe defendants to nine.

Bordeaux requested summons for Hunzeker the next day.  Two weeks later, she filed a proof of service (Filing No. 72) indicating Hunzeker was served on December 23, 2020.  Hunzeker's counsel entered an appearance as Special Assistant Attorney General on January 12, 2021 (Filing No. 79).  That same day, new counsel for Davidson, Bicknase, Golliday, and Folts-Oberle likewise entered an appearance as Special Assistant Attorneys General (Filing No. 81).  The Attorney General withdrew from the case (Filing Nos. 82 and 87).

On February 16, 2021, Hunzeker filed the instant motion to dismiss.  He followed with a related motion to strike several weeks later.  Both motions are now briefed and ready for decision.

## II.      DISCUSSION

### A.      Standard of Review

A motion to dismiss under Rule 12(b)(1) for lack of subject-matter jurisdiction can either challenge the complaint "on its face or on the factual truthfulness of its averments." *Titus v. Sullivan*, 4 F.3d 590, 593 (8th Cir. 1993).  A facial attack "is subject to the same standard as a motion brought under Rule 12(b)(6)."  *Mattes v. ABC Plastics, Inc.*, 323 F.3d

695, 698 (8th Cir. 2003).  With a factual attack, the Court can "receive competent evidence such as affidavits, deposition testimony, and the like" as needed "to determine the factual dispute." *Titus*, 4 F.3d at 593.

To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

If the Court considers "matters outside the pleadings" in deciding "a motion under Rule 12(b)(6), it must treat the motion "as one for summary judgment under Rule 56" and give the parties "a reasonable opportunity to present all the material that is pertinent to the motion." *See* Fed. R. Civ. P. 12(d).  But that does not mean the Court is "strictly limited to the four corners of" the First Amended Complaint. *Dittmer Props., L.P. v. FDIC*, 708 F.3d 1011, 1021 (8th Cir. 2013).  The Court can consider "'matters incorporated by reference or integral to the claim, items subject to judicial notice, matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint whose authenticity is unquestioned' without converting the motion into one for summary judgment." *Miller v. Redwood Toxicology Lab'y, Inc.*, 688 F.3d 928, 931 n.3 (8th Cir. 2012) (quoting 5B Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1357 (3d ed. 2004)).

## B.     Motion to Strike

As noted above, Hunzeker moves to strike the materials Bordeaux submitted in opposing Hunzeker's motion to dismiss to the extent they jeopardize his motion.  Bordeaux opines the challenged materials are "historical documents" that the Court should consider in deciding the motion.  Neither urges the Court to convert Hunzeker's motion to dismiss into one for summary judgment.

The Court need not resolve the parties' dispute over the challenged evidence. Upon careful review, the Court is satisfied it can fully and fairly decide Hunzeker's motion to dismiss without relying on extraneous materials. *See Gorog v. Best Buy Co.*, 760 F.3d 787, 791 (8th Cir. 2014) ("A district court does not convert a motion to dismiss into a motion for summary judgment when, for example, it does not rely upon matters outside the pleadings in granting the motion."); *Casazza v. Kiser*, 313 F.3d 414, 418 (8th Cir. 2002) (finding no evidence of conversion where the district court made "clear that it ruled only on the motion to dismiss" and avoided relying on "matters outside the pleadings in granting the motion").

The motion to strike is therefore denied as moot.

## C.     Motion to Dismiss

### 1.     Statute of Limitation

Hunzeker argues Bordeaux's § 1983 claims against him are barred by the applicable four-year statute of limitation. *See Montin v. Estate of Johnson*, 636 F.3d 409, 412 (8th Cir. 2011) (applying a four-year statute of limitation to a § 1983 claim under Neb. Rev. Stat. § 25-207). As Hunzeker sees it, Bordeaux's claims accrued when Jenkins assaulted Bordeaux on September 24, 2016, making her claims naming him in the Amended Complaint on December 16, 2020, time-barred unless the Amended Complaints relates back to Bordeaux's original pleading under Federal Rule of Civil Procedure 15(c).

Bordeaux not only questions Hunzeker's proposed accrual date but also contends Hunzeker cannot assert a statute-of-limitation defense because the Attorney General waived that defense for him by failing to object to her motion for leave to amend the complaint. Bordeaux acknowledges "the complexity" that Hunzeker "had not yet been served individually" but maintains that "through the end of the year 2020, the Office of Attorney General was representing and speaking for all the parties-defendant and was giving no indication that it would not be representing and speaking for HUNZEKER."

According to Bordeaux, the Attorney General waived any objection based on the statute of limitation, "without any reservation for HUNZEKER."

Bordeaux's waiver argument is built on a faulty premise. Although she describes the Attorney General as Hunzeker's "former counsel," that assertion is not supported by the record. Not only had Hunzeker not been served, as Bordeaux aptly concedes, he was not even named as a defendant in Bordeaux's original complaint, and the Court had no jurisdiction over him at that time. *See*, *e.g.*, *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

Bordeaux seems to assume Hunzeker was one of the Does identified in her original complaint, but the Court is not as certain. *See Perez v. City of Hastings*, No. 4:16CV3158, 2017 WL 1066574, at *4 (D. Neb. Mar. 21, 2017) (discussing the detailed allegations required "to warrant an exception to the general rule restricting the use of fictitious defendants in federal court"). Bordeaux broadly described the Does as NDCS "correctional administrators, supervisors and/or officers." But her only allegations specifically related to the Does are that (1) "the DOES assigned to C-Wing in North Hall did not respond until after Jenkins had completed the assault" when they "should have performed a regular check during that time" and (2) when they "later did come to the cell, they did not question Jenkins when Jenkins told them that BORDEAUX had just tripped over a tote, even though BORDEAUX was obviously injured." Those allegations are far different from her current allegations that Hunzeker is liable because he failed to put Bordeaux on Central Monitoring.

Even assuming Hunzeker was one of the Does, it does not necessarily follow that he was represented by the Attorney General throughout 2020, particularly with respect to any individual-capacity claims. The Attorney General does not automatically represent unnamed and unidentified Doe defendants (who ostensibly have had no say in the matter). *See Perez*, 2017 WL 1066574, at *4 (questioning "whether the named City and County defendants and their counsel have authority to respond for the as yet unidentified Doe

7

defendants in their individual capacities").   Indeed, the Attorney General's notices of appearance (Filing Nos. 17 and 50), attorney withdrawals (Filing Nos. 24, 57, and 82), and other filings in this case specifically refer to representing only Bicknase, Golliday, Folts-Oberle, and Davidson in their individual capacities, not Hunzeker or the unidentified Does.

What's more, Bordeaux fails to cite any authority supporting her novel proposal that Hunzeker could tacitly waive an affirmative defense before he was named as a defendant and served with summons on December 23, 2020.   To the contrary, one of Bordeaux's cited cases states that "newly-named defendants" that replace Doe defendants "are free to assert a statute of limitations defense once they are added to the case and present arguments as to why the claims against them do not relate back pursuant to Rule 15(c)(1)(C)." *Foster v. Cerro Gordo County*, 33 F. Supp. 3d 1052, 1059-60 (N.D. Iowa 2014).

Hunzeker has not waived his statute-of-limitation defense.

## 2.    Relation Back

The Court now turns to Rule 15(c).   As pertinent here, under that rule, "an amendment to a pleading relates back to the original pleading when, among other requirements, the party brought in by the amendment 'knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Loeffler v. City of Anoka*, 893 F.3d 1082, 1084-85 (8th Cir. 2018) (quoting Fed. R. Civ. P. 15(c)(1)(C)(ii)).

Bordeaux asserts "Davidson's December 10, 2020 testimony implicating Hunzeker, and identifying Bordeaux's cause of action against Hunzeker satisfies the 'relation back' requirements."   In Bordeaux's view, her request for leave to amend her complaint to add Hunzeker after identifying him as one of the Does based on Davidson's deposition testimony "**fits squarely into the 'relation back' provisions of Rule 15.**"   (Bold in original.)   She asks for an opportunity to discover whether Hunzeker "(1) received notice of the action such that he would not be prejudiced in defending the merits or (2) knew or

should have known that the action would have been brought against him." *See* Fed. R. Civ. P. 15(c)(1)(C).

Leaving aside the Court's questions about whether Hunzeker plausibly fits within Bordeaux's description of the Does in her original complaint and thus could later be "identified" as a Doe as she contends, Bordeaux's relation-back argument is foreclosed by the Eighth Circuit's decision in *Heglund v. Aitkin County*, 871 F.3d 572, 579, 581 (8th Cir. 2017). In *Heglund*, the Eighth Circuit held that naming a "Doe defendant does not relate back under Rule 15(c) because 'it was an intentional misidentification, not an unintentional error, inadvertent wrong action, or 'mistake.''" *Loeffler*, 893 F.3d at 1085 (quoting *Heglund*, 871 F.3d at 579, 581 (explaining that "when [a newly identified Doe defendant] learned of the action or what he knew about whether the plaintiffs would like to have sued him" is immaterial)). Bordeaux does nothing to distinguish her case from *Heglund* and its progeny. Without more, under Rule 15(c), a Doe defendant cannot be used as a statute-of-limitation-defeating placeholder.

The Court also rejects Bordeaux's suggestion that her claims against Hunzeker did not accrue until Davidson threw him "under a metaphoric Greyhound bus throughout her deposition" on December 10, 2020. "Section 1983 claims accrue 'when the plaintiff has a complete and present cause of action, that is, when the plaintiff can file suit and obtain relief.'" *Humphrey v. Eureka Gardens Pub. Facility Bd.*, 891 F.3d 1079, 1081 (8th Cir. 2018) (quoting *Wallace v. Kato*, 549 U.S. 384, 388 (2007)). In other words, Bordeaux's claims accrued, and the statute of limitation began to run when Hunzeker's alleged wrongful act or omission resulted in damages. *See Wallace*, 549 U.S. at 391.

As Hunzeker points out, Bordeaux had a complete and present cause of action—and the statute of limitation began to run—when Jenkins assaulted her on September 24, 2016, and she was injured because Hunzeker and others allegedly failed to protect her. Bordeaux's claims against Hunzeker are untimely, and she has not identified any viable basis to relate them back or toll the limitation period. Accordingly,

IT IS ORDERED:

1.  Defendant Steve Hunzeker's Motion to Dismiss (Filing No. 106) is granted.

2.  Plaintiff Christine Bordeaux's claims against Hunzeker are dismissed with prejudice.

3.  Hunzeker's Motion to Strike (Filing No. 120) is denied as moot.

Dated this 22nd day of April 2021.

BY THE COURT:

Robert F. Rossiter, Jr.
United States District Judge

10